UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYLVESTER L. TUOHY, *and*
YONGJIE TUOHY,

*Plaintiffs*,

v.

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

*Defendant*.

24-CV-10070-KMK

ORDER TO SERVE

KENNETH M. KARAS, District Judge:

Plaintiffs filed the Complaint in this Action pro se on December 26, 2024.  (*See* Dkt. No. 1.)  Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Because the Complaint was filed on December 26, 2024, service should have been completed by March 26, 2025.  However, despite repeated extensions, additional summonses, and instructions, Plaintiffs have failed to properly serve Defendant almost a year after filing their Complaint.  (*See, e.g.,* Dkt. No. 13, Dkt. No. 19, Dkt. No. 20, Dkt. No. 25.)

Plaintiffs contend they have properly served Defendant, a New York state agency, by mailing service to the New York State Attorney General's Office ("OAG").  (Dkt. No. 26 at 1).  However, Plaintiffs' recent letter misquotes the relevant state statute.  (*See* Dkt. No. 26 at 1.)  Under New York Civil Practice Law and Rule § 307(2), personal service on a state agency shall be made by:

(1) delivering the summons to . . . the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, . . . to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. *Service by certified mail shall not be complete until the summons is received in a principal office of the agency* and until personal service upon the state in the manner provided by subdivision one of this section is completed.

C.P.L.R. § 307(2) (emphases added). Section 307(1), which is incorporated by reference in CPLR § 307(2), requires personal service be made upon New York State by delivering the summons to the OAG. While Plaintiffs have complied with this requirement, they have not fully complied with § 302(2)'s requirements by mailing a summons to Defendant's principal office or personally serving its chief executive officer. Plaintiffs identified Defendant's address in their Complaint, (*see* Dkt. No. 1 at 3), and should look to the Court's previous orders for guidance on effecting service. (*See* Dkt. No. 11; Dkt. No. 19).

Additionally, to the extent Plaintiffs are challenging their individual tax bill, the Court lacks jurisdiction to hear their claim because the Tax Injunction Act ("TIA") prohibits federal district courts from "enjoin[ing], suspend[ing], or restrain[ing] the assessment, levy[,] or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 134; *see also Campaniello v. N.Y. State Dep't of Taxation & Fin.*, 737 F. App'x 594, 596 (2d Cir. 2018) ("[The TIA's] prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction." (citing *Long Island Lightning Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)). Under New York law, an Article 78 proceeding is the proper forum for Plaintiffs to challenge their individual tax bill, and it provides a "plain, speedy, and efficient" remedy within the meaning of the TIA. *See, e.g., El Bey v. New York*, No. 21-CV-7032, 2021 WL 5853994, at *3 (S.D.N.Y. Dec. 9, 2021) (dismissing plaintiff's

2

request to have an income execution order invalidated because Article 78 is a plain, speedy, and efficient remedy within the meaning of the TIA).  However, to the extent Plaintiffs are bringing a constitutional challenge to specific section(s) of the New York tax code, the Court may have subject matter jurisdiction but declines to resolve the question until Defendant is properly served. Accordingly, it is hereby ORDERED that:

Plaintiffs complete service on Defendant by no later than January 8, 2026.  Failure to do so could result in the dismissal of this Action.  The Clerk of Court is respectfully requested to mail this Order to Plaintiffs.

SO ORDERED.

DATED:      December 8, 2025
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3